**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| ALEJANDRO M. LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-cv-1260-JES |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND OPINION**

This cause is before the Court on Petitioner Alejandro M. Lopez's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1).[1] A hearing on the Motion is not required because "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Hutchings v. United States*, 618 F.3d 693, 699–700 (7th Cir. 2010) (quotation omitted). Because Petitioner is not entitled to relief, the § 2255 motion is DENIED.

**I. BACKGROUND**

In March 2016, Lopez was charged with possession with intent to distribute a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1); and distribution of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2). R. 1.

On July 21, 2016, Lopez entered a guilty plea to both counts of the Indictment without a plea agreement. *See* R. July 21, 2016 Minute Entry. At the change of plea hearing, Lopez was placed under oath. Plea Tr., R. 21 at 1. He acknowledged that he had received a copy of the

---

[1] Citations to documents filed in this case are styled as "Doc. ___." Citations to the record in the underlying criminal case, *United States* v. *Lopez*, No. 16-cr-10023 (C.D. Ill.), are styled as "R.___."

indictment, had reviewed it with his counsel, and was "very" satisfied with his counsel. *Id.* at 4. The Court read the charges and the potential penalties pursuant to the statute, and Lopez stated he understood them. *Id.* at 5-8. The Court also explained the constitutional rights that Lopez would be waiving by pleading guilty. *Id.* at 8-9. The Government then stated the factual basis for the plea, and Lopez acknowledged that the facts were correct. *Id.* at 10-11.

Defense counsel advised the Court that he had discussed the sentencing guidelines and their application to Lopez, and estimated that "Mr. Lopez is almost certainly going to be considered a career offender under the guidelines and will face a range of 188 to 235 months imprisonment." Plea Tr., R. 21 at 12.

Lopez proceeded to plead guilty to Counts 1 and 2 of the Indictment. *Id.* at 15. The Court accepted the plea:

> I find that you're fully competent and capable of entering an informed plea; that you're aware of the nature of the charges and the consequences of the plea.
>
> That the plea of guilty as to each count is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.
>
> The plea is, therefore, accepted. You are now adjudged guilty of that offense.

*Id.*

The United States Probation Office prepared a Presentence Investigation Report ("PSR"). PSR, R.10. The PSR concluded that Lopez qualified as a career offender under the sentencing guidelines. PSR, R.10 at ¶ 28. A defendant is subject to the career sentencing enhancement if he has "at least two prior felony convictions of either a crime of violence or a controlled substances offense." *See* U.S.S.G. § 4B1.1(a). Here, the PSR concluded that Lopez had three qualifying offenses: (1) a 2009 Illinois aggravated battery conviction; (2) a 2010 Illinois methamphetamine manufacturing conviction; and (2) a 2014 Illinois aggravated battery conviction. *Id.* at ¶¶ 37, 39,

42. The PSR calculated Lopez's advisory guidelines range as 151 to 188 months' imprisonment. *Id.* at ¶ 89.

At the sentencing hearing on December 1, 2016, defense counsel argued that Lopez's aggravated battery convictions did not qualify as crimes of violence, and, therefore, Lopez should not be sentenced as a career offender. Sent. Tr., R. 22, 3-7, 13-15. The Court overruled the objection and found that "the current state of law in the Seventh Circuit would find that these are crimes of violence." *Id.* at 15. The Court sentenced Lopez to 151 months' imprisonment on each count to be served concurrently, 3 years of supervised release, no fine, and a $200 special assessment. *Id.* at 34-38; Judgment, R. 16.

Lopez appealed his sentence, arguing he should not have been classified as a career offender because Illinois aggravated battery is not a crime of violence for purposes of U.S.S.G. § 4B1.1. *United States v. Lopez*, 692 Fed. Appx. 302 (7th Cir. 2017). While his appeal was pending, the Seventh Circuit held in *United States v. Lynn,* 851 F.3d 786 (7th Cir. 2017), that the Illinois aggravated battery statute was divisible. Citing *Lynn,* the Seventh Circuit found that because Lopez was charged with aggravated battery because he "caused bodily harm," he was properly classified as a career offender, and his sentence was affirmed. *Lopez*, 692 Fed. Appx. at 303-304.

Lopez filed this timely Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) on July 16, 2018, alleging his Sixth Amendment rights were violated because he received ineffective assistance of counsel. He alleges his counsel was ineffective because: (1) pre-trial counsel shared privileged communications with the Assistant United States Attorney; (2) pre-trial counsel failed to challenge the drug quantity, failed to file a motion to suppress the search warrant, failed to file a *Frank's* motion, and failed to challenge the testimony of Crystal

Murphy before the Grand Jury; (3) pre-trial counsel failed to argue that his two 2014 aggravated battery convictions should be consolidated pursuant to U.S.S.G. § 4A1.2(a)(2); (4) appellate counsel failed to file a petition for rehearing en banc; and (5) appellate counsel failed to argue on appeal that his 2014 aggravated battery convictions should be consolidated pursuant to U.S.S.G. § 4A1.2(a)(2).

The Government filed its Response (Doc. 5). Lopez did not file a timely Reply. This Order follows.

## II. LEGAL STANDARD

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)).

A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred

from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994). "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record." *Galbraith v. United States*, 313 F.3d 1001, 1007 (7th Cir. 2002).

The Sixth Amendment guarantees criminal defendants effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Under *Strickland's* familiar two-part test, Petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado,* 936 F.2d 303, 311 (7th Cir. 1991).

## III. ANALYSIS

### A. Lopez's Allegations that Counsel Shared Confidential Communications with the Government is Insufficient to Show Ineffective Assistance of Counsel.

Lopez first alleges that his pre-trial counsel violated "attorney-client privilege by sharing confidential communications with the Assistant United States Attorney." Pet. at 4 (Doc. 1). "[B]road, unsupported assertions of ineffective assistance" of counsel have been rejected by the Seventh Circuit. *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013) (*citing Jones v. United States,* 167 F.3d 1142, 1144–45 (7th Cir.1999)). Here, Lopez does not say what the confidential communications were, how counsel's alleged sharing of the communication violated the attorney-client privilege, or why these actions would amount to deficient performance. Accordingly, the claim is denied.

### B. Lopez Has Not Shown His Counsel Was Ineffective for Failing to File Pre-Trial Motions.

Lopez next argues that his pre-trial counsel was ineffective because he failed to challenge the quantity of drugs attributed to him, failed to file a motion to suppress the search warrant and request a *Frank's* hearing when the warrant did not include Lopez's name or address, and failed to challenge the testimony of Crystal Murphy before the Grand Jury. Lopez does not provide any basis his defense counsel would have had to make any of these challenges. It is well within the "wide range of reasonable professional assistance" for an attorney to not file pre-trial motions, and "[i]t is not ineffective assistance for counsel to not file a meritless motion." *United States v. Nolan,* 910 F.2d 1553, 1564 (7th Cir. 1990).

Lopez alleges that his defense counsel should have challenged the drug quantity because he was "triple charged for the [drug] weight he was actually involved with." At the change of

plea hearing, Lopez admitted that on December 1, 2015, a controlled purchase of methamphetamine was conducted between a confidential informant and Lopez with $300 of prerecorded buy money. Plea Tr., R. 21 at 10-11. After obtaining a search warrant, officers found an additional 12.7 grams of methamphetamine in his house. The PSR attributed to Lopez the 3.5 grams of methamphetamine from the controlled sale and the 12.7 grams of methamphetamine found in his residence pursuant to the search warrant, as well as 63.78 grams of methamphetamine from purchases Lopez made "sometime September or October 2015," for a total of 79.98 grams. PSR, R. 10 at ¶¶ 11-14. Lopez has not indicated why any of these amounts were improperly attributed to him or what challenges his counsel could have made.

With regard to the warrant, while Lopez states that the warrant did not say his name and address, there is not necessarily a requirement that a search warrant say the name of the person whose residence is to be searched. And, while a search warrant must describe with particularly "the place to be searched," the Fourth Amendment does not necessarily require a specific address be included on the warrant. Lopez has not alleged that the warrant did not describe with particularity the place to be searched, or any other detail as to why he believed the warrant may have been insufficient. Nor does Lopez provide any reason why a *Franks* motion would have been successful. A *Franks* hearing is appropriate when "a defendant makes a substantial preliminary showing that the police procured a warrant to search his property with deliberate or reckless misrepresentations in the warrant affidavit, and where such statements were necessary to the finding of probable cause, the Fourth Amendment entitles the defendant to an evidentiary hearing to show the warrant was invalid." *United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013) (*citing Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). Lopez has not alleged any facts that would meet this high hurdle.

Finally, Lopez alleges that pre-trial counsel was ineffective for failing to challenge the Grand Jury testimony of Crystal Murphy, but again gives no indication of what challenge should have been made or what probability it would have had of success on the merits. Accordingly, the Court cannot find that counsel's performance was deficient for failing to challenge these issues.

Nor has Lopez demonstrated prejudice. To show prejudice in the plea-bargaining phase, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366 (1970); *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016) ("[A] defendant must demonstrate a reasonable probability that 'the outcome of the plea process would have been different with competent advice.'") (*citing Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). Lopez has not made any arguments that he was prejudiced by counsel's failure to advance these challenges, or that he would not have entered a guilty plea. Accordingly, the Court finds this claim is meritless and must be denied.

**C. Lopez's Counsel was not Ineffective for Failing to Argue his Prior Convictions Should Have Been Deemed a Single Occurrence.**

Lopez also argues that pre-trial counsel should have argued that his two 2014 convictions for Illinois aggravated battery should be consolidated under the single sentence rule because they were not separated by an arrest and he was sentenced on the same day for both offenses. However, as clearly articulated in the PSR, pursuant to U.S.S.G. § 4A1.2, no criminal history points were assigned to the second aggravated battery conviction (14-CF-147), and points were only assigned for the first conviction (14-CF-146). PSR, R. 10 at ¶¶ 42-43. Accordingly, his convictions were, in essence, consolidated. Defense counsel had no need to raise any arguments,

since the PSR already gave him the benefit of the calculation he now wants.

Nor does Lopez's argument help him with regard to his career offender status. As the Seventh Circuit noted in his direct appeal, Lopez only needed two predicate convictions to be deemed a career offender, and "[i]n light of *Lynn*, Lopez's 2009 conviction for aggravated battery coupled with his Illinois conviction for manufacturing methamphetamine is enough to make him a career criminal; the other two convictions for aggravated battery don't even matter to the outcome." *United States v. Lopez*, 692 Fed. Appx. 302, 303-304 (7th Cir. 2017). Accordingly, this claim must be dismissed as well.

### D. Appellate Counsel was not Obligated to File a Petition for Rehearing En Banc.

Lopez next turns to his appellate counsel's performance. He argues counsel was ineffective because Lopez had told her he wanted to "exhaust all possibilities," but yet counsel elected to end her representation of Lopez after the Seventh Circuit's denial of his direct appeal without filing a petition for rehearing en banc.

Lopez has not shown his appellate counsel's performance was deficient. Rule 35(a) of the Federal Rules of Appellate Procedure provides that:

> An en banc hearing or rehearing is not favored and ordinarily will not be ordered unless:
>
> (1) en banc consideration is necessary to secure or maintain uniformity of the court's decisions; or
>
> (2) the proceeding involves a question of exceptional importance.

Fed. App. R. 35(a). The 1998 Amendment to Rule 35 further provides that "[c]ounsel are reminded that their duty is fully discharged without filing a petition for rehearing en banc unless the case meets the rigid standards of subdivision (a) of this rule and even then the granting of a petition is entirely within the court's discretion." Fed. R. App. P. 35. Lopez has not alleged that

his case met either of these requirements; instead, he merely disagreed with the ruling. Moreover, as the Seventh Circuit held that Lopez's claim was entirely foreclosed by its earlier decision in *United States v. Lynn,* 851 F.3d 786 (7th Cir. 2017), there does not appear to be any reason that a petition for en banc rehearing would have been granted. Accordingly, Lopez's counsel was not ineffective for failing to file a petition seeking en banc rehearing.

Moreover, to the extent that Lopez claims he is entitled to relief because his appellate counsel did not file a petition for certiorari, this claim also fails because "there is no right to counsel for filing a petition of certiorari." *Tyra v. United States*, 270 Fed. Appx. 410, 412 (7th Cir. 2008).

### E. Appellate Counsel was not Ineffective for Failing to Argue his Prior Convictions Should Have Been Deemed a Single Occurrence.

Finally, Lopez argues that his appellate counsel was ineffective for failing to argue that his two 2014 Illinois aggravated battery convictions should have been consolidated under the single sentence rule. As explained above with regard to his similar claim against his pre-trial counsel, Lopez's claim is without merit because he did not receive any criminal history points for the second 2014 Illinois aggravated battery conviction, nor was it relevant in the determination that he qualified as a career offender. Accordingly, his appellate counsel was not ineffective for failing to raise an issue that had already been decided in Lopez's favor. This claim also must be denied.

### IV. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a

certificate of appealability).  A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Here, Petitioner has not made a substantial showing of the denial of a constitutional right.  The Court declines to issue a certificate of appealability.

## V.  CONCLUSION

For the reasons stated, Petitioner Alejandro Lopez's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1) is DENIED.  The Court declines to issue a certificate of appealability.  This case is CLOSED.

Signed on this 25th day of June 2019.

*s/ James E. Shadid*
James E. Shadid
United States District Judge